**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Service Employees International Union (SEIU) District 1199 WV/OH/KY, | ) | CASE NO. 1:25 CV 2531 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Lutheran Hospital, | ) | |
| | ) | **Memorandum Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. 12) and Defendant's Cross-Motion for Summary Judgment (Doc. 13). This is a Labor Management Relations Act ("LMRA") case. For the reasons that follow, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Cross-Motion for Summary Judgment is GRANTED.

**FACTS**

Plaintiff Service Employees International Union, District 1199 WV/OH/KY (the "Union") represents certain employees at defendant Lutheran Hospital (the "Hospital"). The Union and the Hospital are parties to a collective bargaining agreement ("CBA"), which includes a grievance and

arbitration process.[1] Relevant here, Article 16 of the CBA is entitled "Substance Abuse Prevention" and sets forth, among other things, requirements for the drug testing of employees, which is limited to when the Hospital has reasonable cause to suspect the use of a prohibited substance prior to reporting for work or while at work.

On or about July 12, 2024, Grievant Tanesha Jamerson ("Jamerson") was ordered to submit to a random drug test pursuant to the Hospital's unilaterally implemented Substance Abuse Policy. The urine sample provided by Jamerson tested positive for tetrahydrocannabinol (THC) metabolite and she was subsequently disciplined. Jamerson was required to enroll in an EDT drug program for this alleged violation of policy and received a Final Written Warning. During the time period Jamerson was off work, she used a combination of paid and unpaid leave.

On July 12, 2024, the Union filed a grievance, contending the Hospital did not have reasonable cause to suspect any on-the-job impairment of Jamerson. The matter was submitted to arbitration before Arbitrator Amy Sergent (the "Arbitrator").

On May 22, 2025, the Arbitrator issued an award in which she agreed with the Union and found that the Hospital had no reasonable suspicion to drug test Jameson. The Arbitrator noted that the Hospital instead subjected Jameson to testing under the terms of its unilaterally imposed policy for random drug testing, which the Arbitrator found to conflict with the terms of the CBA. Accordingly, the Arbitrator sustained the grievance and ordered the Hospital to "rescind [Jameson]'s final warning[,]" "make her whole for any lost wages and benefits" and " expunge any

---

[1] Article 7 of the CBA states: "[t]he decision of the arbitrator shall be final and binding upon all employees, the Hospital and the Union."

references to this incident from the [Jameson]'s record." (Doc. 1-2, at 30 (the "Award")).) While the Arbitrator noted that the "Award shall be final and binding on all employees, the Hospital and the Union," it made no other references to any forward-looking relief. (*Id.*) It is undisputed that the Hospital has since rescinded Jameson's final warning, made her whole for any lost wages and benefits, and expunged any references to this incident form her record.

On November 20, 2025, the Union filed its Complaint here, asking this Court to confirm the Award and compel the Hospital to comply with the Award. Both parties have now moved for summary judgment.

**STANDARD OF REVIEW**

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact[.]" Fed. R. Civ. P. 56(a); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine dispute of material fact rests with the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The mere existence of a scintilla of evidence in support of the [moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [moving party]." *Id.* at 252.

**ANALYSIS**

Here, the parties agree on the salient facts. The only dispute is whether this Court has jurisdiction to "confirm" an arbitrator award that has been fully satisfied. The Union contends that confirming the Award is a valid summary proceeding that converts the Award to a final judgment. The Hospital argues that a fully satisfied award moots the Union's claims and deprives this Court of

subject-matter jurisdiction. Having reviewed the parties' arguments and relevant case law, this Court agrees with the Hospital.

LMRA gives district courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization . . . ." 29 U.S.C. 185(a). The Sixth Circuit has determined that this section gives district courts jurisdiction to enforce arbitration awards between an employer and a union. *Greenhouse Holdings, LLC v. Int'l Union of Painters & Allied Traders Dist. Council 91*, 43 F.4th 628, 631 (6th Cir. 2022) ("It[ is] well-established that the LMRA 'authorizes courts to enforce or vacate labor arbitration awards.'" (quoting *UAW Int'l v. TRW Auto. U.S. LLC*, 850 F. App'x 929, 940 (6th Cir. 2021)).

Here, however, the Union does not seek to enforce the Award. In fact, the Union does not contend the Hospital has violated or failed to follow any part of it. Instead, the Union asks this Court to "confirm" and generally "compel" the Hospital to comply with the Award. But because it is undisputed that the Hospital has already complied with it, there is nothing for this Court to compel.[2]

---

[2] The Union contends that at least one court in this district has concluded the opposite. *Ohio Council 8, Am. Fed'n of State, Cty. & Mun. Employees, AFL-CIO v. Trumbull Mem'l Hosp.*, 124 F. Supp. 2d 482, 485 (N.D. Ohio 2000). The Union relies heavily on that decision. The award in that case, however, seemingly involved prospective relief. *Id.* at 484 ("[T]he arbitrator ordered that Defendant Trumbull Memorial "may not use physician's assistants to displace bargaining unit employees in the operating room."). Even so, absent any controlling Sixth Circuit precedent, this Court finds the reasoning articulated in the out-of-circuit case law cited by the Hospital to be more persuasive and applicable to the facts here. *See, e.g.*, *Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484, 492 (1st Cir. 1983) (finding it unwarranted to confirm an arbitration award absent any dispute over the award and noting that "[t]he federal substantive law subsumes the prudential values of Article III, which militate against ministerial confirmation of awards in the absence of a concrete dispute"); *Stafford v. IBM*, 78 F.4th 62, 67 (2d Cir. 2023) (dismissing petition for confirmation of an award under the Federal Arbitration Act as moot after defendant satisfied the award in full).

Further, even if Congress intended LMRA to give this Court the ability to summarily "confirm" the Award, this Court would still lack jurisdiction given the uncontested lack of a dispute here. Federal courts are courts of limited jurisdiction. Article III of the Constitution provides that the "judicial power shall extend to all Cases" and "Controversies." U.S. Const. art. III, § 2. "Under Article III, a case or controversy can exist only if a plaintiff has standing to sue[.]") *United States v. Texas*, 599 U.S. 670, 675 (2023).

The "irreducible constitutional minimum" of standing consists of three elements: (1) the plaintiff must have suffered an "injury in fact," which is concrete and particularized, and actual or imminent, not conjectural or hypothetical; (2) the injury must be caused by the defendant; and (3) it must be likely, rather than speculative, that the injury will be redressable by the court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

Further, "[a] case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks and citation omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Already, LLC*, 568 U.S. at 91 (quoting *Alvarez*, 558 U.S. at 93). In other words, a dispute no longer presents a live case or controversy

where the plaintiff has obtained all the relief he or she could receive on the claim through further litigation. *In re Flint Water Cases*, 53 F.4th 176, 188 (6th Cir. 2022).

Here, even assuming the Union had standing at the time it filed suit,[3] it is clear that any "case" or "controversy" is now moot.  As mentioned, the Hospital has satisfied all the relief outlined in the Award.[4] The Union does not contend otherwise. The Union fails to articulate any specific redressable injury sought in its Complaint. Accordingly, this Court lacks subject-matter jurisdiction over the Union's Complaint and this case must be dismissed. *See, e.g.*, *Derwin*, 719 F.2d at 492; *Stafford*, 78 F.4th at 67.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Cross-Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 5/29/2026

---

[3] Neither side informs this Court of the date on which the Hospital fully satisfied the Award.

[4] The Hospital reads the Union's Complaint as seeking an Order reading some prospective relief into the Award. To be sure, the Award makes no mention of any prospective relief, and the Union does not contend otherwise. (*See* Doc. 14, at 2 ("The Plaintiff does not ask for anything outside the terms of the Award; the Union only requests this Court convert the Award to a final judgment.").)